IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Daniel Flores | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 3:13-cv-42 |
| | § | |
| v. | § | |
| | § | |
| RLB Contracting, Inc. | § | |
| | § | |
| *Defendant.* | § | In Admiralty – Rule 9(H) |

**Plaintiff's Motion to Exclude Defendant's Retained Expert
Dr. David Vanderweide's Testimony and Report for
<u>Failure to Comply with Rule 26(A)(2)(B) Disclosure Requirements</u>**

Plaintiff respectfully requests that the Court exclude the testimony of Dr. David Vanderweide because:

- Pursuant to FED. R. CIV. P. 26(A)(2)(B), Defendants' retained expert is required to produce a list of all of the witness' prior testimony in the preceding four years;

- Neither Defendant nor Dr. Vanderweide, despite opportunities, have provided this required information;

- Case law does not excuse an expert from this requirement simply because they testify that do not keep such information;

- As such, the Court should enter an Order excluding Dr. Vanderweide or, otherwise a fair and just remedy under FED. R. CIV. P. 37 for non-compliance; and

- Alternatively, if the Court chooses not to exclude Dr. Vanderweide, it should impose a restriction on evidence in this case—i.e. Defendant should not be able to inquire as to any of Plaintiff's experts testifying history.

**I.**

<u>**Evidence**</u>

**Exhibit A:** Email from Paul Skrabanek to Jim Watkins regarding Rule 26 case list.

**Exhibit B:** Deposition of Dr. Vanderweide.

## II.

## Background

As the Court is already well aware, Plaintiff was injured on July 12, 2011 while employed by Defendant. It is undisputed that Plaintiff was a Jones Act seaman employed by Defendant on that date. As a result of his injuries, Plaintiff has already undergone surgery to repair a torn rotator cuff. It appears that he will also have to undergo surgery to his lumbar spine. Consequently, Defendant retained Dr. David Vanderweide, and orthopedic surgeon, to conduct an exam and prepare a report for Defendant as to Plaintiff's medical condition. The parties deposed Dr. Vanderweide on November 13, 2013. Ex. B. Prior to the deposition, the undersigned sent an email to Defendant to ensure that Dr. Vanderweide would bring his required Rule 26 case list to the deposition:

> Jim – please make sure Vanderweide has his billing/invoices, articles he will rely upon, and Rule 26 list for Wed. I have been having problems with doctors not bringing those lately

Ex. A (sent November 11, 2013).

Dr. Vanderweide did not bring a case list and testified that he kept no such list for cases in which he has given testimony:

```
                38
24   Q.  Before we -- when we talked before we went on
25   the record, I -- I just need to make sure I get this on
                39
 1   the record so that we're all clear.  I asked you to
 2   bring a Rule 26 list today.  And you -- you told me
 3   before this deposition you didn't even know what that
 4   was; is that correct?
 5     A.  I did not at the time, that's correct.
 6     Q.  Okay.  Do you -- and just so we can explain it
 7   to you and so you know, you do not keep a list in office
 8   or have your staff keep a list of the times you are
```

```
 9   hired to give testimony or opinions in cases?
10      A.  Correct.
11      Q.  And you've not -- and you don't keep that going
12   back four years or anything like that, correct?
13      A.  No, I don't.
```

Ex. B.

Therefore, Plaintiff asks this Court to either strike Dr. Vanderweide for defendant's non-compliance with Rule 26; or, alternatively, fashion an appropriate remedy pursuant to Rule 37.

### III.

### The Court Should Exclude Dr. Vanderweide

Pursuant to FED. R. CIV. P. 26(A)(2)(B), Defendant's retained expert is required to produce a list of all of the witness' prior testimony in the preceding four years. "[T]he list of cases in which the witness has testified should *at a minimum* include the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or at trial." *Coleman v. Dydula,* 190 F.R.D. 316, 318 (W.D. N.Y. 1999) (emphasis added); *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 185 (D. Kan. 1997); *Majewski v. Southland Corp.,* 170 F.R.D. 25, 27 (D. Kan. 1996); *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 682 (D. Kan. 1995). Defendant has not provided such information, and Dr. Vanderweide testified that does not keep such information. Ex. B at 38:24-39:13.

In a factually similar, but far more compliant case, a United States District Court held that providing a partial list of information regarding the four year testimony rule was deficient, even though the expert provided an affidavit suggesting that he did not keep such records. The Court also awarded the moving party attorneys' fees for the costs of the

motions. For example, in *Coleman v. Dydula,* 190 F.R.D. 316, 318 (W.D. N.Y. 1999), the plaintiff's expert provided only a list of names for the years 1994 through 1998, purporting to identify the expert's former testimony. In an opposing affidavit, the expert stated that he had not kept the information in the past and that he does not maintain such records. *Id.* at 318. The Court rejected this argument. Indeed *Coleman* held:

> The reasons given for noncompliance are unpersuasive. Failure to provide this information in the past does not justify failure to comply with Rule 26(a). It would strain credulity to think that Dr. Reiber [the expert] has no records of the cases other that the clients' names. Certainly he must have billing records and client files from which he could gather the required details.

*Id.* The *Coleman* court reasoned that the purpose of providing a list of the expert's former testimony is to enable the opponent to obtain prior testimony; and nothing in Rule 26 shifts the burden to the discovering party. *Id.*

Here, Dr. Vanderweide has admitted that he has testified nearly many times. However, he has provided *no* data regarding his expert testimony in the past four years. This is a rudimentary disclosure requirement embodied in Rule 26(a). Defendant's retained expert's excuse that he does not keep such information is wholly deficient under the plain language of Rule 26 and the federal rules' decisions which have interpreted it. If producing only a list of names in the four years preceding the expert's testimony was deficient in *Coleman,* then certainly Dr. Vanderweide's failure to provide any list of expert testimony at all is similarly deficient and unacceptable under the rules. This Court has discretion to either strike Dr. Vanderweide or fashion a fair and just remedy for the admitted non-compliance with Rule 26(a). If the Court chooses the later, Plaintiff would respectfully suggest that it enter an order prohibiting inquiry into any of Plaintiff's expert's testifying history.

4

## IV.

## Conclusion

Based on the foregoing, the Court should grant Plaintiff's motion.

>Respectfully Submitted,
>
>ARNOLD & ITKIN LLP
>
>*/s/ M. Paul Skrabanek*
>_____
>Kurt B. Arnold
>SBN: 24036150
>M. Paul Skrabanek
>SBN: 24063005
>6009 Memorial Drive
>Houston, TX  77007
>Tel: 713.222.3800
>Fax: 713.222.3850

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on January 24, 2014, a copy of the foregoing was forwarded to the following counsel via the Court's ECF system:

James R. Watkins
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
The Hunter Building
306 - 22nd Street, Suite 301
Galveston, TX   77550
   *Counsel for Defendant RLB Contracting, Inc.*

>*/s/ M. Paul Skrabanek*
>_____
>M. Paul Skrabanek